NOT DESIGNATED FOR PUBLICATION

No. 111,780

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VAT SANA KHAMVONGSA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed November 20, 2015. Affirmed.

*Angela M. Davidson*, of Wyatt & Davidson, LLC, of Salina, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., PIERRON and LEBEN, JJ.

*Per Curiam*: After Vat Sana Khamvongsa pled guilty to murder in the second degree, the district court ordered him to pay $13,200 in restitution for the funeral and burial expenses incurred by the victim's family. Khamvongsa appeals this order, arguing the district court abused its discretion when it imposed restitution on him without first conducting an evidentiary hearing to determine whether the family's funeral and burial expenses were necessary. We find no abuse of discretion and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On December 21, 2012, Khamvongsa entered a plea of guilty to second degree murder for the role he played in killing Pheng Xiong. At his sentencing hearing, the State requested restitution in the amount of $13,200: $8,750 for Xiong's funeral; $2,700 for burial expenses incurred by Xiong's family; and $1,750 in reimbursement to the Crime Victims Compensation Board. The State provided documentation of the burial and funeral costs to the district court as well as to Khamvongsa's counsel. Khamvongsa's counsel objected to the restitution, stating:

> "I was just handed this at the start of the sentencing. I don't doubt the accuracy of what the figures are. I don't have any experience with paying for funeral expenses as a restitution figure. That's—I never had that come up in a case before. I don't even know it was proper. Because it was ordered in the other cases doesn't leave me to say it must be right, because I just don't know if it is. But I'm not disagreeing with the numbers."

The State replied that because restitution is a payment resulting from the consequence of injuries perpetrated by a defendant in a criminal case and because Khamvongsa was not objecting to the numbers, the district court should order the restitution as requested. Khamvongsa's counsel then responded:

> "Your honor, just, in response, I would ask that the documentation be made part of the record. And the reason I didn't just agree right away is because this is unusual, it's not to make somebody whole, like repair a car or something. This is where people made a choice of what to do. And I don't have any familiarity with what it costs for funeral expenses. I suppose somebody could say, well, it cost me $50,000 because I had to have a fancy mausoleum. That's not the case here, I get that. But, because there is consumer choices made, not to repair or to make whole, but to have something happen. There has been no evidence of that. So because of that, choices were made. I don't know if that's the cheapest or if it's a set amount by the Courts, I don't know. So that's why I'm making that statement."

2

The district court overruled the objections and ordered Khamvongsa to pay restitution as requested by the State.

Khamvongsa timely appeals.

## DID THE DISTRICT COURT ABUSE ITS DISCRETION BY ORDERING RESTITUTION FOR FUNERAL AND BURIAL EXPENSES?

Khamvongsa asks us to remand this case for an evidentiary hearing in order to determine whether the amount paid by the victim's family for his funeral and burial was reasonable. Specifically, he contends that the State never presented evidence that the amount paid for funeral and burial expenses was "necessary."

A district court shall order a defendant "to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime, unless the court finds compelling circumstances which would render a plan of restitution unworkable." K.S.A. 2014 Supp. 21-6604(b)(1). This court reviews a district court's restitution order for abuse of discretion. *State v. Hall*, 297 Kan. 709, 711, 304 P.3d 677 (2013).

> "Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." 297 Kan. 709, Syl. ¶ 2.

Khamvongsa explains that no caselaw supports restitution absent documentation supporting that the amount requested is reasonable unless the parties agree upon the amount.

3

The State responds that the trial court possessed sufficient evidence supporting its restitution order because the State provided documentation of the victim's family's funeral expenses. For support, the State cites *State v. Applegate*, 266 Kan. 1072, 1078-79, 976 P.2d 936 (1999), which provides that a trial court "must have some basis for determining the amount of damages, but the same rigidness and proof of value required in a civil action does not apply to determining restitution."

We agree with the State. Our review of the record exposes no abuse of discretion on the part of the district court. If Khamvongsa's complaint is that funeral and burial expenses are not appropriate expenses for restitution, we disagree. They are. If the argument is that the figures submitted by the State are unreasonable or that there is some doubt as to their reasonableness, then we question why counsel did not object to the numbers or request an evidentiary hearing on the reasonableness of the restitution request.

Here, the district judge entertained arguments from the parties with respect to an appropriate restitution figure and concluded that, based upon the information before him, the sum requested by the State was reasonable. With the family's expenses documented before him, the district judge possessed substantial competent evidence that the restitution amount requested by the State was appropriate pursuant to K.S.A. 2014 Supp. 21-6604(b)(1). We will not disturb the district court's restitution order based upon the record before us.

Affirmed.